# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03CV607-MU

| | |
|---|---|
| ALLEN BOYD JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JENNIFER LANGLEY, Supt. Of )<br>Albermarle Correctional Institution, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court upon Petitioner Allen Boyd's (hereinafter "Petitioner") Petitioner for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1) and Petitioner's "Motion to Supplement Contention (C) Double Jeopardy Ground" filed July 27, 2005 (Document No. 19.) Also before the Court is the State's Motion for Summary Judgment, filed February 12, 2004 (Document No.4) and the State's "Response Brief Opposing Petitioner's Motion to Supplement Contention (C), Double Jeopardy Ground." (Document No. 20) filed April 18, 2006.

## I. Factual and Procedural Background

Petitioner was convicted after trial by jury on May 23, 2001 of trafficking in cocaine by transport, possession of a firearm by a felon, possession with intent to sell and deliver cocaine and trafficking in cocaine by possession. Petitioner was sentenced on possession of a firearm by a felon and carrying a concealed weapon to a one term of a minimum of 16 and maximum of 20 months; two concurrent terms of a minimum of 70 and a maximum of 84 months for convictions of trafficking in cocaine by transport and trafficking in cocaine by possession; and a minimum of 10 and a maximum of 12 months for possession with intent to sell and deliver cocaine. Petitioner appealed and on

December 3, 2002, the North Carolina Court of Appeals found no error in Petitioner's trial. State v. Boyd, 154 N.C. App. 302 (2002). On August 21, 2003 Petitioner's Petition for Writ of certiorari was denied by the North Carolina Supreme Court. Petitioner filed a Motion for Appropriate Relief ("MAR") on September 3, 2003 which was denied on September 19, 2003. On October 22, 2003 Petitioner's Petition for Writ of certiorari was denied by the North Carolina Court of Appeals. On December 18, 2003 Petitioner filed the instant Petition alleging that (a) the trial court's charge to the jury violated due process; (b) there was insufficient evidence to convict in violation of due process; (c) the trial court's judgment on charged offense violated rights against jeopardy; and (d) he received ineffective assistance of counsel. On July 27, 2005 Petitioner filed the instant Motion to Supplement in which he argues that his sentence violated N.C. General Statute § 15-196.2. Petitioner alleges that his sentences were not properly credited with time he spend in custody awaiting disposition of his case.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

**A. Petitioner's Motion to Supplement**

Petitioner seeks to supplement his double jeopardy claim and argues that his sentences were not properly credited with time he spent in custody awaiting disposition of his case. The State filed a brief opposing Petitioner's motion. This Court will grant Petitioner's Motion to Supplement, however, the claim Petitioner seeks to add is non-exhausted and procedurally barred.

This claim of an alleged error in the crediting of time spent in custody to Petitioner's sentences has never been presented to the state court and therefore is not exhausted. Furthermore, this claim is also procedurally barred because of Petitioner's failure to raise it during his State proceedings.

The state courts must be given an opportunity to act on Petitioner's claims before he presents

those claims in federal court. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In order to satisfy the fair presentation requirement, a petitioner must present the substance of the claims during state proceedings. This requires citing the applicable federal rule and describing the relevant facts. It is not sufficient merely to set forth the facts when discussing other claims. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief . . . it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court."); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000).

Moreover, to satisfy the exhaustion requirement, "the petitioner must have presented to the state court 'both the operative facts and the controlling legal principles.'" Mir Aimal Kasi v. Angelone, 300 F.3d 487, 502 (4th Cir. 2002), cert. denied, 123 S. Ct. 551 (2002) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). In this case, Petitioner has failed to present his constitutional claim to the state court. Thus, his claim is non-exhausted.

Petitioner's non-exhausted claim is also procedurally barred. If Petitioner were able to return to state court to properly exhaust his federal constitutional claim, it would be found procedurally barred under North Carolina's mandatory procedural bar statute. See N.C.G.S. § 15A-1419(a)(1), (3) and (b) (1999) (claims barred when petitioner was in adequate position to have raised them in prior appeal or MAR, absent cause and prejudice or a fundamental miscarriage of justice, i.e., actual innocence). In the absence of any attempt to establish cause and prejudice for his failure to bring his claim in state court, Petitioner's claim is barred from federal habeas review at this time. See Bread v. Pruett, 134 F.3d 615 (4th Cir. 1998) (Procedural default occurs when habeas petitioner who would

be required to present his claims in order to meet exhaustion requirements would now find claims procedurally barred.), cert denied, 523 U.S. 371 (1998). See also Williams v. French, 146 F.3d 203 (4th Cir. 1998) ("The state procedural rule applied in this case, North Carolina General Statutes § 15A-1419(a)(3), is an independent and adequate state ground."), cert. denied, 525 U.S.1155 (1999); Boyd v. French, 147 F.3d 319, 332 (4th Cir. 1998) ("this court has consistently held, however, that § 15A-1419(a) is an adequate and independent state-law ground for decision foreclosing federal habeas review."), cert. denied, 525 U.S.1150 (1999).

Petitioner's non-exhausted claim is also procedurally barred. Therefore, Petitioner's claim that his sentences were not properly credited with time he spend in custody awaiting disposition of his case is non-exhausted and procedurally barred.

**B. Violation of Due Process**

Petitioner argues that the trial court's charge to the jury of constructive possession violated due process by shifting the burden of proof. Petitioner argues that this instruction gave the jury no choice except to find he had knowledge and possession of the cocaine and the firearm.

Petitioner's allegation appears to be that the instruction of constructive possession shifted the burden of proof and violated his constitutional rights. Petitioner argues that this instruction gave the jury no choice but to find that he had knowledge and possession of the cocaine and the firearm. Therefore, ths issue here is whether this constructive possession charge could reasonably have been interpreted as a mandatory presumption, one that relieved the state of its burden of persuasion on the question of possession.

In this case, the Court instructed the jury on constructive possession as follows:

> A person has constructive possession of an article if he does not have it on his person but is aware of its presence and has either by himself or together with another both the power and intent to control its disposition or use. A person's awareness of the presence of an article and his power and intent to control its disposition or use may be shown by direct or may be inferred by direct evidence or may be inferred from the circumstance.
>
> I further instruct you, members of the jury, that if you find beyond a reasonable doubt that an article was found, that is, a pistol was found in close physical proximity to the Defendant, that would be a circumstance from which together with the other circumstances you may infer that the Defendant was aware of the possession of the article, that is, the pistol, and had the power and intent to control its disposition and use. However, the Defendant's physical proximity, if any, to the pistol does not by itself permit an inference that the Defendant was aware of its presence or had the power or intent to control its disposition or use. Such an inference may be drawn only from this and other circumstances from which – from circumstances which you find from the evidence beyond a reasonable doubt.
>
> I further instruct you that if you find beyond a reasonable doubt that the article, that is, a pistol was found at a certain place and that the Defendant exercised control over that certain place at that time, whether or not he owned it, this would be a circumstance from which you may infer that the Defendant was aware of the presence of the pistol and had the power and intent to control its disposition or use.

(Jury Instructions, attached to State's Motion for Summary Judgement at 142-143.)

The Court similarly instructed the jury with respect to possession of the cocaine:

> I further instruct you, members of the jury, that possession – well, I further instruct you to remember the instructions the Court gave you earlier in regard to actual and constructive possession in regard to the case about the gun. The same instruction I gave you earlier likewise applies to this charge wherein the Defendant is charged with possession of cocaine. So the difference would be, as I instructed you earlier in regard to possession allegedly of a pistol, the same instruction applies allegedly here in regard to cocaine.

(Jury Instructions, attached to State's Motion for Summary Judgment at 146.)

In addition to the above instructions on actual and constructive possession, the Court also instructed the jury that the defendant is presumed to be innocent and the state must prove his guilt beyond a reasonable doubt. (Jury Instructions attached to State's Motion for Summary Judgment at 138.) The court went on to instruct that the jury was the sole judges of credibility of each of the

witnesses. (Jury Instructions attached to State's Motion for Summary Judgment at 139.) The jury was also instructed that if they found Ledell Cole, the state's witness, to be testifying under an agreement of a reduction of charges or an agreement of sentence concession, they "should consider his testimony with great care and caution in deciding whether to believe or not believe his testimony." (Jury Instructions attached to State's Motion for Summary Judgment at 140.) The court specifically stated that when determining the truthfulness of any witness, the jury should apply the same tests of truthfulness that one would apply to everyday life. The court explained that these tests may include "the opportunity of the witness to see, hear, know or remember the facts or occurrence about which the witness testified; the manner and appearance of the witness; any interest, bias or prejudice the witness may have; the apparent understanding and fairness of the witness; whether the witness' testimony is reasonable and whether the witness's testimony is consistent with other believable evidence in the case." (Jury Instructions, attached to State's Motion for Summary Judgment at 139.)

Jury instruction are not evaluated in isolated segments, but are considered as a whole. United States v. Cropp, 127 F.3d 354, 360 (4th Cir. 1997); Estelle v. McGuire, 502 U.S. 62, 72 (1991) ("It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Here, the jury determined that Petitioner possessed the cocaine and the firearm based on the evidence presented. Considering the instructions given on actual and constructive possession together with the remaining jury instructions, the burden on proof was not shifted to the Petitioner to prove that he did not possess the cocaine and the firearm.

Moreover, Petitioner raised this issue in his MAR which Judge Caldwell denied stating "having considered the allegations contained in the Motion and the case files, finds as facts that the

7

Motion sets forth no probable grounds for the relief requested, either n fact or in law." This is a denial of Petitioner's claim on its merits which is correct and reasonable. Such a review on the merits is entitled to application of the Antiterrorism and Effective Death Penalty Act ("AEDPA")standard of review. See Weeks v. Angelone, 176 F.3d 249 (4th Cir. 1999) ("Where, as here, the state supreme court has adjudicated a claim on the merits but has given no indication of how it reached its decision, a federal habeas court must still apply the AEDPA standards of review. [citation omitted] A state court's perfunctory decision is reasonable if it "'is at least minimally consistent with the facts and circumstances of the case.'" [citations omitted]."), affirmed, 528 U.S. 225 (2000) (Even where state court denies multiple claims in short one paragraph order without an evidentiary hearing, the state adjudication is still entitled to the new deferential standards of review of § 2254(d).). The MAR court's adjudication on the merits was not "contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." Williams v. Taylor, 529 U.S. 362 (2000). There is no requirement that the state court specifically cite United States Supreme Court precedent in its order, so long as its ultimate adjudication is not contrary to, nor involves an unreasonable application of clearly established federal law. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.)("[T]he phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion."), cert. denied, 527 U.S. 1016 (1999). Petitioner's claim that the jury instruction shifted the burden is without merit and is also denied pursuant to § 2254(d)(1) and (2).

### C. Insufficient Evidence

Petitioner contends that there was insufficient evidence to find him guilty of trafficking in cocaine by transportation or possession, possession of a firearm by a felon, or possession of cocaine

8

with intent to sell and deliver. A challenge to the sufficiency of the evidence is necessarily a due process challenge. Jackson v. Virginia, 443 U.S. 307 (1979); In re Winship, 397 U.S. 358, 364 (1970). Petitioner raised this claim in his MAR, which Judge Caldwell summarily denied. The issues were also previously raised and decided on the merits in the North Carolina Court of Appeals. Because Judge Caldwell's decision on this claim is silent as to the merits, this Court must look to the last reasoned state opinion, that of the North Carolina Court of Appeals. Ylst v. Nunnemaker, 501 U.S. 797 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.")

The standard of review on federal habeas corpus of a claim on insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277 (1992); Jackson v. Virginia, 443 U.S. 2781 (1979). The Court of Appeals adjudicated this issue and determined that while constructive possession cannot be established simply be the article being found on the premises under the control of the defendant, the state here showed other incriminating evidence from which constructive possession may be inferred. State of North Carolina v. Boyd, 154 N.C.App.302, 306 (2002). The Court of Appeals reviewed the evidence and reasoned that the state presented evidence through Ledell Cole, the driver of the car, that the Petitioner was the only person who could have placed the drugs were they were found. Id. at 307. The evidence also showed that when Mr. Cole walked back to the car, prior to the stop, Petitioner was standing alone by the open passenger door. Additionally, Petitioner behaved suspiciously upon being stopped by the police, reaching under the seat of the car, moving about and making it difficult for the police to search him. The Court of Appeals concluded, and this Court agrees, that viewing the evidence in the light

9

most favorable to the state, the evidence was sufficient to support an inference that Petitioner constructively possessed the cocaine. Id.

Petitioner also argues that the evidence was not sufficient to convict him of possession of a firearm. Like the cocaine, possession of a firearm may be established by constructive possession. Mr. Cole testified that he had seen the gun prior to it being found under the seat of his car at Petitioner's mother's house the Sunday prior to the stop. Mr. Cole also testified that he did not put the gun in the car and that no one else, other than Petitioner, had been in his car. Id. at 308. Officer McKenzie testified that when he ordered Petitioner to step out of the car, Petitioner was reaching with his left hand underneath the passenger area of the seat. Id. Officer Shane, who searched the vehicle, testified that he found the gun under the passenger side of the seat of Mr. Cole's car. Officer Cole explained that he found the gun directly under the passenger seat, midway between the front floorboard and the rear floorboard. Id. at 308-309 The Court of Appeals concluded the evidence tended to show that the driver and Petitioner did not have equal access to the gun, which was under Petitioner's seat, and the officers testified that Petitioner was reaching under the seat. The evidence also established that the driver did not own the gun and that the gun was seen earlier at Petitioner's mother's house. Based on this evidence the Court of Appeals concluded, and this Court agrees, that viewing the evidence in the light most favorable to the state, the evidence was sufficient to support an inference that Petitioner constructively possessed the firearm. Id. at 309.

The Court of Appeals denial of Petitioner's claim on the merits was correct and reasonable. The state court's decision was not contrary nor involve an unreasonable application of clearly established law. Nor was the state court's decision based on an unreasonable determination of facts in light of evidence presented in the state court proceeding. Thomas v. Taylor, 170 F.3d 466 (4th Cir.

1999); Williams v. Taylor, 529 U.S. 362 (2000); Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998); Weeks v. Angelone, 176 F.3d 249 (4th Cir. 1999). Petitioner's claim of insufficiency of the evidence is without merit and denied pursuant to §2254(d)(1) and (2).

**D. Double Jeopardy**

Petitioner alleges that the charge of trafficking in cocaine by possession and trafficking in cocaine by transportation precludes the state from prosecuting him for the charge of possession of cocaine with intent to sell and deliver, because neither offense requires proof that the other does not. He argues that under this analysis, possession of cocaine with intent to sell and deliver can only be applied as a lesser included offense of both trafficking in cocaine by possession and trafficking in cocaine by transportation. Therefore, he alleges that the trial courts sentencing for possession of cocaine with intent to sell and deliver is a violation of double jeopardy because it exposed him to multiple criminal punishments.

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." United States Constitution, Amendment V. The Double Jeopardy Clause prevents States from "making repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." Green v. United States, 355 U.S. 184, 187-88 (1957). "The United States Supreme Court has held many times that the Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." United States v. Burns, 29 F. Supp. 2d 318 (4th Cir. 1998) (citations omitted). However, the Supreme

Court has "consistently recognized that the finality guaranteed by the Double Jeopardy Clause is not absolute, but instead must accommodate the societal interest in prosecuting and convicting those who violate the law." Garrett v. United States, 471 U.S. 773 (1985).

The Double Jeopardy Clause protects individuals from imposition of "multiple criminal punishments" for the same offense, but "only when such occurs in successive proceeding." Hudson v. United States. 522 U.S. 93. 99 (1997). However, when there are cumulative sentences imposed in a single trial, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359 (1983). Petitioner was tried in one proceeding which resulted in convictions and sentencing. Double Jeopardy was not violated by the cumulative punishments. Petitioner's claim is without merit.

Moreover, Petitioner raised this claim in his MAR. Judge Caldwell denied the claim stating "having considered the allegations contained in the Motion and the case files, finds as fact that the Motion sets forth no probable grounds for the relief requested." Judge Caldwell's decision was not contrary to nor involve an unreasonable application of clearly established federal law. Nor was the state court's decision based on an unreasonable determination of facts in light of evidence presented in the state court proceedings. Petitioner's double jeopardy claim is without merit and also denied pursuant to § 2254(d)(1) and (2).

### E. Ineffective Assistance of Counsel

Petitioner claims that his attorney was ineffective because he did not present Petitioner's exhibit number one to the jury and because his attorney failed to inform him of his right to testify.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective

12

standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

Turning now to Petitioner's specific claim, the Court finds that the Petitioner has failed to

13

demonstrate an entitlement to any relief. Petitioner claims that his attorney was ineffective because he did not present Petitioner's exhibit number one to the jury. Exhibit number one was a copy of a "Motion to Appoint Medical Expert to Examine Defendant's Mental Capacity" filed on behalf of co-defendant/state witness, Ledell Cole in Cole's case. Petitioner alleges that by not presenting the document to the jury his attorney did not use this information sufficiently to his benefit. However, as Petitioner concedes, the information contained in this document was before the jury as Mr. Cole was questioned by Petitioner's counsel about this document (Trial transcript at 117-120.) Petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness. Moreover, Petitioner has failed to show how having the jury touch and see this document would have altered the outcome of his trial, especially in light of the fact that the contents of the exhibit was before the jury. Petitioner has failed to show that but for counsel's alleged unprofessional errors, the outcome of the proceeding would have been different. Petitioner has failed to establish either prong of the Strickland test.

In his "Motion in Opposition to State's/Respondent's Motion for Summary Judgment and Answer to Petition for Writ of Habeas Corpus," Petitioner explains that while his attorney was ineffective for failing to present exhibit number one to the jury, that was only part of his argument. He argues that his attorney was also ineffective for not bringing forth Mr. Cole's incompetency. Petitioner contends that his counsel should have challenged the fact that Mr. Cole never had an mental evaluation completed prior to testifying to determine whether Mr. Cole was even competent to testify. Petitioner also argues that his counsel should have brought out the fact that the prosecutor must have used "bribery with Cole by offering and coaching this incompetent co-defendant a deal to testify against Petitioner to obtain a tainted conviction when it was evident that the cocaine and handgun

14

belong to Cole, which was found in Cole's car." (Motion in Opposition to State's Summary Judgment Motion at 14.)

This Court has reviewed the trial transcript and, as mentioned above, Petitioner's counsel questioned Mr. Cole regarding the motion filed by his counsel for a competency evaluation. (Trial transcript at 117-120.) Petitioner's counsel also questioned Mr. Cole about how his hearing and memory had been impaired due to a recent car accident. (Trial transcript at 115-120.) Finally, Petitioner's counsel questioned Mr. Cole about his plea agreement and the fact that the agreement included Mr. Cole's testimony against Petitioner. (Trial transcript at 112-115.) Petitioner's counsel brought out evidence tending to question Mr. Cole's competency due to his accident and the fact that Mr. Cole entered into a plea agreement with the state which included Cole testifying against Petitioner. The jury had the benefit of this evidence prior to returning a verdict of guilty. This Court is satisfied that based on the trial testimony, Petitioner' counsel was not deficient in his performance with respect to the state's witness, Mr. Cole. Petitioner has not established either prong of the <u>Strickland</u> test.

Moreover, the trial judge instructed the jury regarding the credibility of witnesses and specifically instructed the jury regarding the testimony of Mr. Cole. The trial judge told the jury that Mr. Cole was testifying under an agreement of a reduction of charges or an agreement of sentence concession and that "they should consider his testimony with great care and caution in deciding whether to believe or not his testimony." (Jury Instructions attached to State's Motion for Summary Judgment at 140.)

Next, Petitioner claims that his counsel was ineffective because he failed to inform him of his right to testify. First, there is no indication that this claim is anything other than an unsupported

conclusory allegation. Moreover, out of an abundance of caution, the trial court fully informed Petitioner of his right to testify or not and his right to call witnesses. Petitioner stated that he understood those rights and voluntarily chose not to offer any evidence, not to testify and not offer any exhibits. (Trial transcript at 126-128.)

Even if this Court were to assume that Petitioner has shown that counsel's performance was deficient, which he has not, Petitioner has not established the prejudice prong of the <u>Strickland</u> test.

### IV. Order

For the foregoing reasons, it is hereby ordered that;

1) Petitioner's Motion to Supplement (Document No. 19) is **GRANTED;**

2) Respondent's Motion for Summary Judgment is **GRANTED** (Document No. 4) and

3) Petitioner's Petition for a Writ of Habeas Corpus (Document No. 1) is **DISMISSED**.

**SO ORDERED**.

Signed: May 3, 2006

Graham C. Mullen
United States District Judge